NOT FOR PUBLICATION

FILED

OCT 13 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-17337 |
| Plaintiff - Appellee, | D.C. Nos.  1:08-cv-00566-SOM-LEK |
| v. | 1:05-cr-00071-SOM-1 |
| ZASHA BOTELHO, | |
| Defendant - Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Argued and Submitted October 7, 2011
Honolulu, Hawaii

Before: O'SCANNLAIN, TALLMAN, and M. SMITH, Circuit Judges.

Zasha Botelho appeals the district court's denial of her 28 U.S.C. § 2255

motion to vacate, set aside, and correct her sentence alleging ineffective assistance

of counsel during plea bargaining. *United States v. Botelho*, No. 05-00071, 2009

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.  The parties are familiar with the
facts of the case and we do not repeat them here except as necessary.

1

U.S. Dist. LEXIS 93062 (D. Haw. Oct. 6, 2009). The defendant contends that her counsel was ineffective by erroneously advising her as to the amount of cooperation necessary to qualify for a downward departure recommendation for substantially assisting the government. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253, and 2255, and we affirm.

"The two-part *Strickland v. Washington*, 466 U.S. 668 (1984), test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To prevail on an ineffective assistance of counsel claim in the plea context, a defendant must show that: (1) in light of all the circumstances, counsel's performance fell below an "objective standard of reasonableness"; and (2) "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 693–94. In the plea context, more specifically, Botelho must show that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 58–59. The court need only consider one of these requirements if it is dispositive of the claim. *Strickland*, 466 U.S. at 687. Because Botelho has not made a showing of prejudice, we need not address the alleged deficiencies of counsel's performance. *Id.* at 700.

Based on the record, there is no reasonable probability that Botelho would not have pleaded guilty or would have gone to trial absent her prior attorney's advice. First, the district court's two separate adverse credibility findings fatally undermine Botelho's current claim. Second, other than her incredible testimony, Botelho offers little evidence to show she relied on her attorney's advice about cooperation when deciding to enter her plea. Thus she cannot show with a reasonable probability that but for the advice she would not have pleaded guilty and would have gone to trial.

Botelho's claim that she would have gone to trial is also undermined by her own testimony: "I mean, it could have been the same thing. I could have gotten 20 years, which I did. . . . [Or] [p]robably a little bit above that." Her statement makes clear that Botelho did not believe that going to trial would result in a better outcome than her plea, contradicting her current claim.

Botelho also claims that there was no reason for her to plead because all she received as a benefit from the plea was the statutory minimum—the same sentence she could have received had she gone to trial and been convicted. However, even without the benefit of a downward departure reduction, Botelho benefitted from the plea agreement. The government dismissed another count and, pursuant to the plea agreement, Botelho received a three-level downward adjustment in her base

3

criminal offense level for her timely acceptance of responsibility. Because Botelho cannot show that she suffered prejudice, her ineffective assistance of counsel claim fails, and the district court properly denied habeas relief.

AFFIRMED.